930 F.2d 27
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Michael T. JOHNSON, an Incompetent, by Co-Conservators
Robert Royal JOHNSON and Veronica M. Johnson,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-55154.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 22, 1990.
Decided March 26, 1991.
 Before FERGUSON, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Johnson, by and through his coconservators, sued the United States under the Federal Tort Claims Act ("FTCA"), alleging medical malpractice on the part of the defendant as the result of injuries Johnson sustained when, during an alcohol withdrawal seizure, he fell in a Veterans Administration Hospital ("VAH") parking lot. Following a bench trial, the district court ruled in favor of the government and Johnson appealed. In an earlier decision we concluded that the trial court had erred, both in its determination that the cause of Johnson's injuries was unknown and in its application of an incorrect legal standard in assessing the government's possible negligence, and reversed and remanded for a new trial. At the conclusion of Johnson's second trial, the district court again held in favor of the defendant, and Johnson has appealed.
 
 
 3
 Under the FTCA, the United States may be held liable to the same extent as a private party for personal injuries caused by the negligence of a federal employee acting within the scope of her employment. 28 U.S.C. Secs. 1346(b), 2674 (1988); Bunting v. United States, 884 F.2d 1143, 1144-45 (9th Cir.1989). Liability for an employee's act of negligence is determined by the law of the state where the act occurred. 28 U.S.C. Sec. 1346(b) (1988); Richards v. United States, 369 U.S. 1, 9-10 (1962).
 
 
 4
 Pursuant to California law, which is controlling here, a hospital "owes its patients a duty of protection and must exercise such reasonable care towards a patient as his or her known condition may require." Emerick v. Raleigh Hills Hosp.-Newport Beach, 133 Cal.App.3d 575, 581, 184 Cal.Rptr. 92, 95 (1982). Accord, Wood v. Samaritan Institution, 26 Cal.2d 847, 851-52, 161 P.2d 556, 558 (1945). Similarly, a physician must exercise that degree of skill, knowledge or care ordinarily possessed and exercised by the members of the local medical community. Bardessono v. Michels, 3 Cal.3d 780, 788, 91 Cal.Rptr. 760, 764, 478 P.2d 480, 484 (1970). Thus, the issue before the district court on remand was "whether [Johnson's] medical condition would have led a reasonable medical professional to foresee the likelihood of his suffering an alcohol withdrawal seizure." Johnson v. United States, No. 86-6393, mem. disp. at 8 (9th Cir. March 3, 1988).
 
 
 5
 The district court concluded, after listening to the testimony of Johnson's examining physician at the VAH, Dr. Carvajal, and five medical experts, and after reviewing the documentary evidence produced by both sides, that (1) Johnson's medical condition was not such that it would have led a reasonable medical professional to foresee the likelihood of Johnson suffering an alcohol withdrawal seizure on the morning of May 28, 1980; (2) Dr. Carvajal's treatment of Johnson was within the standard of care of the local medical community at the time; and (3) the VAH was not liable for Johnson's injuries.
 
 
 6
 In reviewing the district court's findings and conclusions, we note first that the trial court's determination of the appropriate standard of care in this negligence claim is a legal question subject to de novo review. See Bunting, 884 F.2d at 1145. "The determination of negligence, however, is generally recognized as a mixed question of law and fact governed by the clearly erroneous standard." Id.
 
 
 7
 Turning to the merits of this appeal, the pertinent facts of which are not in dispute, we agree with the district court's conclusion that, in this "battle of experts," Dr. Carvajal's testimony as well as that of the government's medical experts was supported by the record. Because of that, the district court did not err by discounting the testimony of Johnson's two medical experts. The district court's careful treatment of the issues presented reflects both a proper application of the appropriate standard and a careful weighing of the respective witnesses' credibility.
 
 
 8
 Accordingly, the decision of the district court is AFFIRMED.
 
 FERGUSON, Circuit Judge, dissenting:
 
 9
 The plaintiff in this case, now an incompetent, was permanently disabled by injuries resulting from an alcohol withdrawal seizure which he suffered while under the care of the Long Beach Veterans Administration Hospital (VAH).
 
 
 10
 In a prior memorandum decision in this case, this court found the district court's standard in evaluating the government's liability erroneous and remanded the case for a new trial to determine whether the plaintiff's medical condition would have led a reasonable medical professional to foresee the likelihood of his suffering an alcohol withdrawal seizure.
 
 
 11
 I submit that we again should reverse the judgment of the district court because the court erred as a matter of law in two critical aspects of the case.
 
 I.
 
 12
 The district court erred as a matter of law in the application of the Federal Tort Claims Act with regard to the appropriate standard of care. The Act states:
 
 
 13
 The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances.
 
 
 14
 28 USC Sec. 2674.
 
 
 15
 The majority correctly asserts that negligence liability under the Act is analyzed according to the law of the state where the act occurred. 28 USC Sec. 1346(b); Richards v. United States, 369 U.S. 1, 9 (1962). In this case, which arose in California,
 
 
 16
 "The extent and character of the care that a hospital owes its patients depends on the circumstances of each particular case. A private hospital owes its patients the duty of protection, and must exercise such reasonable care toward a patient as his known condition may require. The measure of duty of a hospital is to exercise that degree of care, skill and diligence used by hospitals generally in that community, and required by the express or implied contract of the undertaking."
 
 
 17
 Wood v. Samaritan Institution, 26 Cal.2d 847, 851-52, 161 P.2d 556, 558 (1945) (citing 41 C.J.S., Hospitals, Sec. 8(3), p. 349).
 
 
 18
 Here, the necessary inquiry is to determine what the community of private medical professionals specializing in treatment of alcoholics has established as a standard of care for treating an alcoholic with Johnson's history and clinical symptoms. The VAH's treatment of Johnson must be measured against that standard.
 
 
 19
 While the district court stated in its memorandum opinion, "Dr. Carvajal's treatment program for Michael Johnson was within the standard of the medical community in 1980," the record is clear that the court misapplied the FTCA's mandate to judge the VAH's treatment against the standard for a "private individual under like circumstances."
 
 
 20
 The district court made no finding on what the standard of care is for treatment of patients seeking admission to private hospitals who are suffering alcohol withdrawal and have a history of withdrawal seizure and delirium tremens. While "[a] district court's failure expressly to include necessary findings does not require remand if a complete understanding may be had from the record," Louie v. United States, 776 F.2d 819, 823 (9th Cir.1985), in this case I am "left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). Rather than applying the standard of care in the medical community generally, the district court evaluated whether the care Johnson received met the standard of a reasonable VAH physician treating a patient already admitted to a VAH rehabilitation ward.
 
 
 21
 Among plaintiff's assertions is that Johnson should not have been admitted to a rehabilitation program when he was in need of detoxification. At the time of Dr. Carvajal's examination, Johnson had already been admitted and had been "pre-screened" for admission to the VAH K-2 rehabilitation program. In accordance with Dr. Carvajal's role in the VAH admission system, Dr. Carvajal directed her examination towards planning appropriate treatment within the rehabilitation setting over the ensuing 28-day rehabilitation period, not to any immediate treatment nor to a determination of whether Johnson really belonged in rehabilitation or should have been in a controlled detoxification ward. Government experts testified that since Johnson was a rehabilitation patient, it was reasonable for Dr. Carvajal to take no immediate medical action and to prescribe medication at a level which would permit Johnson to function in the program. These experts also testified that rehabilitation patients typically are not removed from a rehabilitation program unless they show dramatic signs of incoherence, hallucinations, or "imminent" seizure which would make rehabilitation impossible. Crediting this testimony, the district court found that Dr. Carvajal's treatment was within the standard of care.
 
 
 22
 However, because it applied an incorrect standard, namely, whether Dr. Carvajal's treatment was reasonable under VAH standards for treating rehabilitation patients, the district court failed to address two central issues: (1) whether, under the standard of care for private hospitals in the community generally, it was negligent for the VAH to admit Johnson to the rehabilitation program in the first place; (2) whether a doctor in a private hospital examining an incoming alcohol withdrawal patient like Johnson would have prescribed some immediate re-detoxification treatment prior to rehabilitation. "When an appellate court discerns that a district court has failed to make a finding because of an erroneous view of the law, the usual rule is that there should be a remand for further proceedings to permit the trial court to make the missing findings...." Pullman-Standard v. Swint, 456 U.S. 273, 291 (1982).
 
 
 23
 Under the FTCA, the care administered at a VAH must meet the same standard of care as is common in private facilities. The district court erred by making no finding on the standard of care in private hospitals. See Irish v. United States, 225 F.2d 3, 8 (9th Cir.1955) (remanding case "where the necessary findings are lacking on appeal"). And the district court erred by evaluating Dr. Carvajal's actions according to what a reasonable VAH rehabilitation physician was expected to do, rather than evaluating the VAH's treatment of Johnson according to the standard of care of private hospitals in the community generally. Bardessono v. Michels, 3 Cal.3d 780, 478 P.2d 480, 91 Cal.Rptr. 760 (1970).
 
 II.
 
 24
 As a matter of law, the district court erred in discrediting the expert witnesses of the plaintiff.
 
 
 25
 In its memorandum opinion, the court found "that the failure of Drs. Sandor and Barceloux to find that Dr. Carvajal properly diagnosed alcohol withdrawal sufficiently colored their opinion as to make them less worthy of credence than those of defendant's experts."
 
 
 26
 The district court imposed a standard upon plaintiff's experts that was impossible for anyone to meet. The record clearly shows the following:
 
 
 27
 1. In the notes which Dr. Carvajal took of her examination of the plaintiff, she stated that he was suffering from alcohol addiction. There is no mention whatsoever regarding his suffering from alcohol withdrawal syndrome.
 
 
 28
 2. Dr. Carvajal has stated in her deposition and at trial, and it is a fact stipulated by the parties, that "Dr. Carvajal has no independent recollection of her examination of the plaintiff."
 
 
 29
 3. At trial, Dr. Carvajal testified, however, that she diagnosed Johnson as suffering from alcohol withdrawal.
 
 
 30
 4. It was not until after the trial, when the district court filed its memorandum opinion, that anyone could determine which version of Dr. Carvajal's diagnosis was correct--alcohol addiction or alcohol withdrawal.
 
 
 31
 Yet the district court discredited plaintiff's experts for following the same instructions presented to all experts: to assume that Dr. Carvajal had no independent recollection of Johnson, and to evaluate her diagnosis and treatment based on the available medical records. Plaintiff's experts could not have foreseen or addressed the fact that Dr. Carvajal, at trial, would testify that despite the objective evidence in her notes diagnosing Johnson as suffering only from "alcohol addiction", she now knew that she had properly diagnosed Johnson as being in "alcohol withdrawal." It is inappropriate to fault plaintiff's experts for failure to anticipate the trial court's decision to credit Dr. Carvajal's testimony despite contrary documentary evidence. See United States v. Gypsum, 333 U.S. 364, 395-96 (1948) (rejecting lower court's credibility finding when based on evaluation at odds with documentary evidence).
 
 
 32
 Further, plaintiff's expert testimony went not only to diagnosis--whether Dr. Carvajal recognized that Johnson was in alcohol withdrawal--but also to the appropriate standard of care. According to plaintiff's experts, even if Dr. Carvajal had correctly diagnosed Johnson as in withdrawal, the treatment she applied was beneath the standard of care in the medical community. Plaintiff's experts provided testimony on treatment of alcoholics in programs other than the VAH. This testimony was relevant to whether the standard of care at the VAH meets the standard of care in the medical community generally. Yet the district court, because of the impossible burden placed on plaintiff's experts regarding their view of Dr. Carvajal's diagnosis, also discredited their testimony on the standard of care.
 
 
 33
 Although generally great deference must be given to the credibility resolution of the finder of facts, when the theory of credibility is faulty, the credibility resolution itself must fall. See, e.g., Smallfield v. Home Insurance Co. of New York, 244 F.2d 337, 341 (9th Cir.1957) (credibility finding rejected because based on inadmissible evidence); Custom Recovery Div. of Keystone v. NLRB, 597 F.2d 1041, 1045 (5th Cir.1979).
 
 
 34
 The judgment in favor of the government should be reversed and the case remanded to the district court for proceedings (1) to determine the standard of care in private hospitals in the community and to evaluate the plaintiff's treatment in the Veterans Administration Hospital against that care; and (2) to reevaluate the testimony of plaintiff's experts, since the prior basis for discrediting them was misplaced.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3